UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| BRENDA K. SANDERS,<br>    Plaintiff,<br>   v.<br><br>WAYNE STATE UNIVERSITY,<br>    Defendant.<br>_____/ | Case No. 22-12025<br><br>Matthew F. Leitman<br>United States District Judge<br><br>Curtis Ivy, Jr.<br>United States Magistrate Judge |

**REPORT AND RECOMMENDATION ON DEFENDANT'S MOTION TO DISMISS (ECF No. 27)**

**I.   PROCEDURAL HISTORY**

Plaintiff, who is proceeding without the assistance of counsel and *in forma pauperis*, filed this employment discrimination case on August 29, 2022. (ECF No. 1). This case was referred to the undersigned for all pretrial matters. (ECF No. 23). Defendant Wayne State University ("WSU") moved to dismiss the complaint under Fed. R. Civ. P. 12(b)(1), 12(c), and 17, and requests a filing injunction against Plaintiff. (ECF No. 27). The motion is fully briefed and ready for report and recommendation.

For the reasons below, the undersigned **RECOMMENDS** that Defendant's motion to dismiss be **GRANTED** and that the claims be **DISMISSED WITHOUT PREJUDICE**.

## II.     COMPLAINT ALLEGATIONS

On June 28, 2022, Plaintiff applied to the Vice President and General Counsel position at WSU through its website. (ECF No. 1, PageID.2, ¶ 4). Aside from that position, she sought other jobs at WSU from 2016 to the date of her complaint. (*Id.* at ¶ 8). Most of the positions she applied for did not require legal experience or an active State bar license. (*Id.* ¶ 12). That said, she was admitted to the State Bar of Michigan during May 1985, practiced in Michigan from 1986 to 2008, and was elected to two successive terms as a judge in the 36th District Court. (*Id.* at PageID.3, ¶ 14-15). Sometime before filing her complaint, her law license was in inactive status. (*Id.* at ¶ 19). WSU, however, allegedly discriminated against Plaintiff based on her sex and race (she states she is African American), denying her employment and failing to communicate with her. She also alleges WSU "engaged in activities to and in furtherance of government gang stalking schemes." (*Id.* at PageID.2, ¶ 7). This allegation was not developed.

She sues WSU for violating Michigan's Elliot-Larsen Civil Rights Act ("ELCRA"), for intentional infliction of emotional distress, and for failure to hire under 42 U.S.C. §§ 1981 and 1983.

## III.    ANALYSIS AND RECOMMENDATIONS

Defendant argues that all but Plaintiff's claim of failure to hire as general counsel are barred by the statute of limitations, that Plaintiff's § 1983 and ELCRA

2

claims are barred by sovereign immunity, and that Plaintiff fails to state a claim of failure to hire her as general counsel because she was unqualified for the job.

A.    Sovereign Immunity

WSU argues it is protected by the Eleventh Amendment from suit under 42 U.S.C. § 1983 and ELCRA.  The Eleventh Amendment bars "any suit in law or equity, commended or prosecuted against one of the United States by Citizens of another State."  U.S. Const. amend. XI.  The doctrine of sovereign immunity extends to suits brought against a state by one of its own citizens, *Hanz v. Louisiana*, 134 U.S. 1, 15 (1890), and it applies to state agencies, as well as state officials sued in their official capacities, *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 70-71 (1989).  In addition, the Eleventh Amendment "bars all suits, whether for injunctive, declaratory or monetary relief, against the state and its departments, by citizens of another state, foreigners or its own citizens."  *Thiokol Corp. v. Dep't of Treasury,* 987 F.2d 376, 381 (6th Cir.1993) (internal citations omitted).  Notably, Plaintiff seeks only monetary damages and "additional legal and/or equitable relief to which she may be entitled."  (ECF No. 1, PageID.11). Public universities, such as WSU, are considered arms of the state and are protected from suit in federal court by Michigan citizens.  *See Kreipke v. Wayne State Univ.*, 807 F.3d 768, 775-81 (6th Cir. 2015); *see also Richardson v. Wayne State Univ.*, 587 F. App'x 284, 286 (6th Cir. 2014) (affirming dismissal of

claims against Defendant on sovereign immunity grounds). Thus, Defendant is entitled to sovereign immunity.

This conclusion applies to Plaintiff's §§ 1981 and 1983 claims.[1] This is so even though WSU did not argue, in the alternative, that it is also immune from suit

---

[1] The undersigned notes that § 1983 creates no substantive rights, that it provides a remedy for violating the Constitution or federal law. Plaintiff is the master of her complaint. While *pro se* complaints are generally read liberally, this is not quite the case when the plaintiff has legal training. Plaintiff "possesses a greater propensity and aptitude to comprehend the legal proceedings and applicable laws than a non-attorney *pro se* litigant would." *Johansen v. Presley*, 977 F. Supp. 2d 871, 876 (W.D. Tenn. 2013) (citing *Brautigam v. Damon,* 2012 WL 481844, at n. 9 (S.D. Ohio Feb. 14, 2012) ("*pro se* attorney plaintiffs are 'not automatically subject to the very liberal standards afforded to a non-attorney pro se plaintiff because an attorney is presumed to have knowledge of the legal system and needs less protections from the court.'"). Though Plaintiff's law license is inactive and she was removed from judicial office, she graduated from law school and served as a judge for some time, and thus she is presumably capable of formulating a complete complaint. Plaintiff chose to sue WSU for violating § 1983. The undersigned will not read into her complaint some other claim, such as a claim under Title VII, and add allegations to her complaint to give substance to a non-existent Title VII claim. Defendant argued that is immune from § 1983 claims, which is correct.

Even if the Court were to consider a Title VII claim for failure to hire, the claim would fail. When Plaintiff applied to the general counsel position in 2022, her law license was inactive. To succeed on such a claim, Plaintiff must be able to establish that she was qualified for the position. *Overall v. RadioShack Corp.*, 202 F. App'x 865, 868 (6th Cir. 2006). She was not qualified to serve as general counsel with an inactive license. (ECF No. 27, PageID.27, PageID.174). WSU argued that the remaining jobs Plaintiff applied for are beyond the § 1983 three-year statute of limitations. (*Id.* at PageID.175-76). According to WSU, the last job was applied for in 2019; Plaintiff does not contest this. Title VII requires a plaintiff to sue in federal court within 300 days of a decision from the E.E.O.C. *Nelson v. Tenn. Coll. of Applied Tech.*, 2023 WL 3294710, at *2 (6th Cir. May 3, 2023). This illustrates the difficulty in reading a claim into the complaint—we do not know when or if Plaintiff filed a claim with the E.E.O.C. But even if she

under § 1981. In the Sixth Circuit, sovereign immunity acts as a jurisdiction bar. "[A] federal court 'can raise the question of sovereign immunity *sua sponte* because it implicates important questions of federal-court jurisdiction and federal-state comity.'" *Cady v. Arenac Cnty.*, 574 F.3d 334 (6th Cir. 2009) (quoting *S&M Brands, Inc. v. Cooper*, 527 F.3d 500, 507 (6th Cir. 2008)); *see also Nair v. Oakland Cnty. Cmty. Mental Health Auth.*, 443 F.3d 469, 474 (6th Cir. 2006) ("Like subject-matter jurisdiction, a sovereign-immunity defense may be asserted for the first time on appeal, and it may (and should) be raised by federal courts on their own initiative." (citations omitted)); *Mixon v. Ohio*, 193 F.3d 389, 397 (6th Cir. 1999) (stating that a federal court "may *sua sponte* raise the issue of lack of jurisdiction because of the applicability of the eleventh amendment" (citation and internal quotation marks omitted)).

Relying on the dissent in *Will*, 491 U.S. 58, Plaintiff implies that states, and WSU by extension, is a "person" that can be sued in § 1983 cases. (ECF No. 29, PageID.201). A dissenting opinion is not binding on this Court. The analysis above applies and dictates that WSU be dismissed on sovereign immunity grounds.

---

timely began the process, her 2022 complaint is well outside the time to file suit. *Amini v. Oberlin Coll.*, 259 F.3d 493, 499 (6th Cir. 2001) ("the starting date for the 300-day limitations period is when the plaintiff learns of the employment decision itself, not when the plaintiff learns that the employment decision may have been discriminatorily motivated.").

5

A dismissal on sovereign immunity grounds is without prejudice. *Ernst*, 427 F.3d at 366.

If this recommendation is adopted, the federal claims would be dismissed leaving only state-law claims. The undersigned suggests the Court should not exert supplemental jurisdiction over the state-law claims. Under 28 U.S.C. § 1367, a district judge may decline to exercise supplemental jurisdiction over state-law claims if "the district court has dismissed all claims over which it has original jurisdiction. . . ." 28 U.S.C. § 1367(c)(3). "When all federal claims are dismissed before trial, the balance of considerations usually will point to dismissing the state law claims [.]" *Musson Theatrical, Inc. v. Express Corp.*, 89 F.3d 1244, 1254–55 (6th Cir. 1996). Indeed, the Sixth Circuit has repeatedly advised that the district courts should not exercise supplemental jurisdiction over state-law claims where all original jurisdiction claims have been dismissed. *See*, *e.g.*, *Brown v. Cassens Transp. Co.*, 546 F.3d 347, 363 (6th Cir. 2008); *Curtright v. FCA US, LLC*, 2022 WL 17540202, at *10 (E.D. Mich. Dec. 8, 2022).

Given this recommendation to dismiss the claims, the undersigned will not address WSU's other arguments for dismissal.

B.  <u>Request for Filing Injunction</u>

WSU requests that the Court enter an order requiring Plaintiff to seek permission from the Court before filing any more pleadings or separate lawsuits against it or any other actions in this District relating to "failure to hire." (ECF No. 27, PageID.183). Local Rule 5.2 provides that "[a] district judge may enjoin a litigant from filing actions without first obtaining leave of court if the judge finds that the litigant has engaged in a pattern of filing repetitive, frivolous, or vexatious cases." WSU notes that Plaintiff has also sued Robert Half and Hire Counsel in this Court on failure to hire theories, and in those lawsuits and other venues she expressed intent to file additional employment discrimination lawsuits. (ECF No. 27, PageID.184-85). The undersigned recommends reserving a decision on a filing injunction. The merits of Plaintiff's failure to hire cases against Robert Half (Case No. 22-12532) and Hire Counsel (Case No. 23-10033) have not been determined. Thus, the undersigned cannot say with certainty whether Plaintiff has engaged in a pattern of filing repetitive or frivolous cases.

C.   Plaintiff's Competence to Sue

WSU raises the question whether Plaintiff is competent to sue without counsel or a legal guardian given the 2015 Judicial Tenure Commission's psychiatrist found Plaintiff to suffer from psychotic and insane delusions. (ECF No. 27, PageID.182-83). WSU does not specifically request that the Court take

7

certain action on Plaintiff's competence under Fed. R. Civ. P. 17.  The undersigned therefore has no recommendation on this issue.

## III. RECOMMENDATION

For the reasons set forth above, the undersigned **RECOMMENDS** that Defendant's Motion to Dismiss (ECF No. 27) be **GRANTED** and that Plaintiff's claims be **DISMISSED WITHOUT PREJUDICE**.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1981).  Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Loc. 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc.  Any objection must recite precisely the provision of this Report and Recommendation to which it pertains.  Not later than 14 days after service of an

objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2), Local Rule 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date: August 9, 2023.    s/Curtis Ivy, Jr.
Curtis Ivy, Jr.
United States Magistrate Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that this document was served on counsel of record and any unrepresented parties via the Court's ECF System or by First Class U.S. mail on August 9, 2023.

s/Kristen MacKay
Case Manager
(810) 341-7850