UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRENDA K. SANDERS,

    Plaintiff,

v.

WAYNE STATE UNIVERSITY

    Defendant.

_____/

Case No. 22-cv-12025
Hon. Matthew F. Leitman

**ORDER (1) OVERRULING OBJECTIONS TO REPORT AND RECOMMENDATION (ECF No. 36); (2) ADOPTING RECOMMENDED DISPOSITION OF REPORT AND RECOMMENDATION (ECF No. 33); (3) DISMSSING COMPLAINT WITHOUT PREJUDICE; AND (4) TERMINATING ALL OTHER PENDING MOTIONS AS MOOT**

This case arises out of a sad series of events. Plaintiff Brenda K. Sanders was at one time an elected judge on the 36th District Court for the State of Michigan. While serving as a judge, Ms. Sanders encountered mental health challenges, and a psychiatrist opined that she "suffer[ed] from a psychotic disorder that affects her ability to interpret reality and make rational judgments." *In Re Sanders*, 865 N.W.2d. 30, 31 (Mich. 2015) (quoting and adopting conclusions of Judicial Tenure Commission). Based upon Ms. Sanders' "mental disability," the Michigan Supreme Court ordered that she "be removed from office." *Id*. at 32. Ms. Sanders' law license also went into "inactive" status. (Compl., ECF No. 1, PageID.3.)

1

Ms. Sanders' struggles appear to continue to this day.  Ms. Sanders recently told the Court that "since late 2014 and early 2015, [she] has been stalked by U. S. military planes and persons in vehicles." (Mot. to Amend, ECF No. 41, PageID.312.) She also claims to be the victim of what she calls "government gang stalking schemes." (Compl., ECF No. 1, PageID.2.)

In this action, Ms. Sanders brings claims against Wayne State University ("WSU") based upon its refusal to hire her for "the position of General Counsel and other legal and administrative positions, from 2016 until the present." (*Id*.)  She names no individuals as defendants in any capacity.  She claims that WSU discriminated against her based upon her race and gender. (*See id*., PageID.4.)  She brings claims under two federal statutes – 42 U.S.C. §§ 1981 & 1983 – and under state law.  She seeks a wide variety of damages, including "compensatory damages," "punitive damages," and "exemplary damages." (*Id*., PageID.11.)  Her request for relief also contains a catch-all provision in which she requests unspecified "other and additional legal and/or equitable relief to which she may be entitled." (*Id*.)

Now before the Court is WSU's Motion to Dismiss. (*See* Mot., ECF No. 27.) The assigned Magistrate Judge has issued a Report and Recommendation in which he recommends granting the motion and dismissing Ms. Sanders' Complaint without prejudice. (*See* Report and Recommendation, ECF No. 33.) The Magistrate concluded that Ms. Sanders' federal claims under 42 U.S.C. §§1981 & 1983 are

barred by the Eleventh Amendment and should be dismissed without prejudice on that basis. (*See id.*, PageID.235-39.) The Magistrate Judge then recommended that upon the dismissal of Ms. Sanders' sole federal claims, the Court should decline to exercise supplemental jurisdiction over her state-law claims and should dismiss those claims without prejudice. (*See id.*, PageID.233.)

The Magistrate Judge's conclusions are sound. The immunity of a state under the Eleventh Amendment "is far reaching. It bars all suits, whether for injunctive, declaratory, or monetary relief, against the state and its departments by citizens of another state, foreigners, or its own citizens." *Thiokol Corp. v. Dept' of Treasury*, 987 F.2d 376, 381 (6th Cir. 1993) (internal citations omitted). And it is well-settled that the Eleventh Amendment bars claims against public state universities under both 42 U.S.C. §§ 1981 & 1983. *See McCormick v. Miami University*, 693 F.3d 654, 661 (6th Cir. 2012) (holding that claim against public state university under Section 1981 was barred by Eleventh Amendment); *Kaplan v. University of Louisville*, 10 F.4th 569, 576-77 (6th Cir. 2021) (holding that claim against public state university under Section 1981 was barred by Eleventh Amendment). Here, the Eleventh Amendment bars Ms. Sanders' claims against WSU under Sections 1981 and 1983 because WSU is a state public university.

3

In addition, the dismissal without prejudice of Ms. Sanders' state claims is appropriate because district courts should generally decline to exercise supplemental jurisdiction over state claims when all federal claims have been dismissed. *See Musson Theatrical, Inc. v. Express Corp.*, 89 F3d 1244, 1254-55 (6th Cir. 1996).

Ms. Sanders raises four objections to the R & R. (*See* Objections, ECF No. 36.) None of them show any error in the R & R, and the Court will therefore OVERRULE all of them.

Ms. Sanders first objects to a statement in the R & R that she was not qualified for the WSU General Counsel position for which she applied. (*See id.*, PageID. 276.) This objection is beside the point. While the Magistrate Judge did make the statement in question, it was not the basis of his recommendations or conclusions. He made the statement in passing when discussing whether Ms. Sanders could potentially have a viable claim under Title VII. (*See* R & R, ECF No. 33, PageID.237, n.1.) But he had previously concluded that Ms. Sanders' Complaint did not assert a claim for a violation of Title VII. *(See id.)* Thus, the statements in the R & R concerning Ms. Sanders' qualifications are dicta. And, even if those statements were wrong – which Ms. Sanders' has not shown – that error would not warrant rejection of the R & R.

Ms. Sanders next objects that WSU is not entitled to absolute immunity under the Eleventh Amendment because it was performing a "discretionary function" when it declined to hire her. (Objections, ECF No. 36, PageID.278.) Ms. Sanders says that given the nature of that function, WSU would be entitled, at most, to qualified immunity. (*See id*.) This objection rests upon a misunderstanding of both the Eleventh Amendment and qualified immunity. Whether a claim against state or arm of the state like a state university is barred by the Eleventh Amendment has nothing to do with whether the state or arm of the state was performing a discretionary function. And qualified immunity is a doctrine that applies to individual defendants sued in their individual capacities, not to a state or arm of the state like a public state university.

Ms. Sanders next objects that her claims are not barred by the applicable statutes of limitations. (*See id*., PageID.281.) This objection is also beside the point because the Magistrate Judge did not recommend dismissal based upon any statute of limitations.

Finally, Ms. Sanders objects that her Complaint should not be dismissed without giving her an opportunity to file an Amended Complaint. But she has now had the opportunity to pursue an amendment. On November 27, 2023, Ms. Sanders filed a motion for leave to file an amended complaint. (*See* Mot., ECF No. 41.) On January 9, 2024, the Magistrate Judge issued an order denying the motion on the

bases that (1) Ms. Sanders unduly delayed in seeking to amend and (2) the proposed amendment was futile. (*See* Order, ECF No. 45.)  Ms. Sanders' objections to that order were due on January 29, 2024.  She did not file any objections, nor did she request an extension of time in which to do so.  Since Ms. Sanders had an opportunity to pursue an amendment, dismissal of her Complaint is proper.

Accordingly, for the reasons explained above, **IT IS HEREBY ORDERED** as follows:

1. Ms. Sanders' objections to the R & R are **OVERRULED**.

2. The disposition recommended in the R & R is **ADOPTED**.

3. Ms. Sanders' Complaint and this action are **DISMISSED WITHOUT PREJUDICE**.

4. All pending motions other than the motion to dismiss are **TERMINATED AS MOOT**.

s/Matthew F. Leitman  
MATTHEW F. LEITMAN  
UNITED STATES DISTRICT JUDGE

Dated:  January 30, 2024

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on January 30, 2024, by electronic means and/or ordinary mail.

s/Holly A. Ryan  
Case Manager  
(313) 234-5126